UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHREE HARIHAR CORP., *et al.*,

      Plaintiffs,

v.                                                          Case No. 23-11090

WESTFIELD INSURANCE COMPANY,        Sean F. Cox
                                                            United States District Court Judge

      Defendant.

_____/

## OPINION & ORDER
## GRANTING IN PART, AND DENYING IN PART,
## DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

After the defendant insurer denied an insurance claim for alleged property damage and

loss at a hotel in Lincoln Park, Michigan, Plaintiffs filed suit against the insurer in state court.

The matter was removed to this Court, based upon diversity jurisdiction.   The matter is currently

before the Court on Defendant's motion seeking partial dismissal of Plaintiffs' First Amended

Complaint, under Fed. R. Civ. P. 12(b)(6).  The parties have briefed the issues and the Court

concludes that a hearing is not necessary.  Local Rule 7.1(f).

As explained below, because Defendant filed an answer and affirmative defenses *before*

filing its 12(b)(6) motion, the Court will construe it as a motion for judgment on the pleadings.

The Court shall grant the motion in part and deny it in part.  The Court grants the motion in part

by ruling that: 1) to the extent that Plaintiffs are attempting to assert a claim for bad faith breach

of the insurance policy, in either Count I (Declaratory Judgment) or Count III (Breach of

Contract), they cannot maintain such a claim under Michigan law; and 2) under Michigan law,

Plaintiffs cannot recover punitive/exemplary damages for "humiliation and outrage" in relation

1

to their breach of contract and unjust enrichment claims.  The Court denies the motion in all other respects.

## BACKGROUND

### A.   Procedural Background

Plaintiffs Shree Harihar Corp. and Leo Capital BW, LLC filed suit against Defendant Westfield Insurance Company in state Court and the action was removed to federal court based upon diversity jurisdiction.

After Defendants filed a Motion to Dismiss on June 13, 2023, this Court issued its standard order, giving Plaintiffs the option of either responding to the motion or filing an amended complaint, in order to attempt to cure any pleading deficiencies.

Plaintiffs elected to file a First Amended Complaint ("FAC") (ECF No. 9) that is now the operative pleading.  It includes the following four counts: 1) "Count I – Declaratory Judgment;" 2) "Count II – Reformation Of Contract (If Necessary);" 3) "Count III – Breach of Contract;" and 4) "Count IV – Unjust Enrichment (Alternative Count To Breach Of Contract)."  Plaintiffs attached the following exhibits to their FAC: 1) a copy of the insurance policy at issue; 2) Notice of Cancellation – February 3, 2020; 3) Police Report; 4) Westfield December 20, 2019 Letter; 5) Estimate of Building Damage by Paul Huizinga; 6) Sara Wagner Email – December 3, 2019; 7) Amended Declarations Page – December 29, 2019; and 8) Denial Letter – June 14, 2022.

On August 21, 2023, at 11:09 a.m., Defendant filed its "Answer To Plaintiffs' First Amended Complaint, Affirmative Defenses And Reliance Upon Jury Demand."  (ECF No. 12). Defendant's stated affirmative defenses include that Plaintiff Shree Harihar Corp. "was not insured by Westfield on the date of the alleged loss" and that on the date of the alleged loss

2

Plaintiff Leo Capital BW "held no interest, insurable or financial, in the property at issue" in this case.  (*Id.* at PageID.777-78).  Defendant's affirmative defenses also include that "[t]here is an express contract in existence, therefore Plaintiffs fail to state a claim on which relief can be granted for unjust enrichment (Count IV)."  (*Id.* at PageID.779).

On August 21, 2023, at 11:10 a.m., Defendant filed a "Motion For Partial Dismissal Of Plaintiff's First Amended Complaint Pursuant To Fed. R. Civ. P. 12(b)(6)."  (ECF No 13).

**B.**     **Standard Of Decision**

Defendant filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(6).

In response to the motion, Plaintiffs assert that Defendant's 12(b)(6) motion is not properly before the Court and should be denied.

As Plaintiffs note, Rule 12(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that a motion "asserting any of these defenses must be made *before* a pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b) (emphasis added).

Here, Defendant concedes that its responsive pleading (its Answer and Affirmative Defenses) was filed before its motion to dismiss.  (Def.'s Reply Br. at 2).

Defendant asks this Court to treat its untimely 12(b)(6) motion as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).  (Def.'s Reply Br. at 2).  In support of this request, Defendant directs the Court to its own decision in *Doe v. Sentech Employment Svs., Inc.*, 186 F.Supp.3d 732, 736 (E.D. Mich. 2016) wherein this Court did just that.

A party may move for judgment on the pleadings "[a]fter the pleadings are closed," "but early enough not to delay trial."   Fed. R. Civ. P. 12(c).

Motions for judgment on the pleadings brought pursuant to Federal Rule of Civil

3

Procedure 12(c) are evaluated in much the same way as Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief may be granted. *See E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). The purpose of a motion under either rule is to test the sufficiency of the complaint.

"To survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Thus, in reviewing the pending motion, this Court may consider the exhibits attached to Plaintiffs' FAC.

**C.   Relevant Facts In The FAC And Its Exhibits**

"This lawsuit concerns Plaintiffs' insurance claim (the 'Claim') resulting from vandalism and theft at the insured premises at 1805 John A. Papalas Dr., Lincoln Park, Michigan 48146, previously known as the Red Roof Inn of Lincoln Park and now known as 'The Leo Collection' (the 'Hotel')." (FAC at ¶ 1). Plaintiffs allege that Plaintiff Shree Harihar Corp. is a corporation that, "at all pertinent times, owned the Hotel which Plaintiff was renovating." (FAC at ¶ 2). They allege that Plaintiff Leo Capital BW LLC is "the successor entity to Shree Harihar Corp." (FAC at ¶ 3).

Plaintiffs allege that Defendant, "through its agent, Phelan Insurance Agency, Inc.," issued a fire and casualty insurance for insurance coverage for the Hotel and it became effective

4

on November 6, 2019.  (FAC at ¶ 8).

Plaintiffs allege there was a break-in at the Hotel on December 2, 2019, that was not discovered until the morning of December 3, 2019.  (FAC at ¶ 10-11).  Thereafter, Plaintiffs made an insurance claim for damages to the Hotel and stolen items.  (FAC at ¶ 15) Westfield assigned Paul Huizinga to investigate the claim.  (FAC at ¶ 18).  Huizinga's December 20, 2019 letter stated the loss occurred on December 3ʳᵈ, not December 2ⁿᵈ.  (FAC at ¶ 20).

Plaintiffs allege that "[a]t 3:52 p.m. on December 3, 2019, several hours AFTER the Incident was discovered and reported, Sara Wagner of Phelan Insurance Agency, Inc. (the 'Agent') sent an email to Defendant."  (FAC at ¶ 27).  That email states, in pertinent part:

Effective 12/3/2019, please make the following changes:

1. Delete Shree Harihar Corp and Ankur Investments as Named Insureds.

2. Add First Named Insured – Leo Capital 21 LLC., Leo Capital BW LLC., Leo Capital RR LLC – corporation owners are the same this is strictly a name change (dba's remain the same)

3. re: 1805 John A Papalas Dr – Amend Mortgagee and Loss Payee to:
Gaytri Group LLC
5319 Airport Pulling Rd
Naples FL 34109
. . . .

5. Delete Detroit Lenders as Mortgagee at both locations, delete Shree Harihar Corp Debtor in Possession as Loss Payee on both locations and delete Ankur Investments Debtor in Possession as Loss Payee on both locations.

(ECF No. 9, Ex. 6 to FAC).  Plaintiffs allege that, based on that email, "Defendant kept the policy intact but changed the named insured as the agent requested."  (FAC at ¶ 28).

Plaintiffs allege that "[a]s is evidenced by the Amended Declarations Page (Exhibit 7), and unbeknownst to Plaintiffs, Defendant made these changes on December 29, 2019 –

retroactive to 12:01 a.m. on December 3, 2019 – as opposed to making them effective as of

12:01 a.m. on December 4, 2019 – the day after the change was requested."  (FAC at ¶ 29).

They allege that, upon information and belief, "Defendant made the retroactive change to

attempt to avoid liability on the Incident and/or Claim – which occurred BEFORE the change

was requested."  (FAC at ¶ 30).

Plaintiffs allege that, "[d]espite Plaintiffs' timely claim and submission of the [sic] all of

the information requested by Defendant, on June 14, 2022 Defendant sent Plaintiffs a letter"

denying the claim.  (FAC at ¶ 32).  Defendant's denial letter, attached to the FAC as Exhibit 8

states that it is denying the "claim made by Shree Harihar Corporation ('SHC')" that "reportedly

occurred on December 3, 2019."  (ECF No. 9).  It states, in pertinent part:

> On December 6, 2019, Westfield received an ACORD property loss notice from
> the Phelan Insurance Agency, Inc.  This notice was for a vandalism and theft loss
> at the building including loss to the building structure, fixtures and business
> personal property.  The date of loss was identified as December 3, 2019 while the
> description of loss uses a December 4, 2019 date.
>
> SHC was the named insured until midnight December 2, 2019. Westfield was
> instructed by SHC's insurance agent to remove SHC as an insured from the policy
> effective 12:01 AM on December 3, 2019.  Westfield endorsed the policy as
> instructed and SHC was no longer insured under the policy as of 12:01 a.m.,
> December 3, 2019.
>
> . . . .
>
> As you can see, SHC was the first named insured and requested a change to the
> policy of insurance; specifically to delete it as a named insured and loss payee
> from the policy.  Accordingly, SHC was not insured under the policy on the date
> of the reported loss or any subsequent loss at the property.  Accordingly,
> Westfield must respectfully decline coverage for SHC's claim.

(*Id*. at PageID.753-54).  The letter went on to include additional reasons for denying the claim,

including SHC's alleged failure to provide requested records and its alleged failure to provide

signed Examination Under Oath transcripts.  (*Id.* at PageID.755).

Plaintiffs allege that "none of the reasons for denial of the Claim are valid."  (FAC at ¶ 44).

## ANALYSIS

Because this case is in federal court based upon diversity jurisdiction the substantive law of Michigan governs the claims in this case.  *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012).

## I.    Plaintiffs Cannot Assert A Claim For Bad Faith Breach Of Insurance Policy Under Michigan Law.

Count I of the FAC (seeking a declaratory judgment) and Count III (alleging breach of contract) both include allegations that Defendant "acted in bad faith" by not paying the insurance claim at issue in this case.  (*See* FAC at ¶¶ 44 & 61).

Defendant's motion asserts that "[i]n Michigan, there is no common law cause of action and no damages recoverable for alleged 'bad faith' breach of a property insurance contract." (Def.'s Br. at 9).  Defendants explain:

> Under Michigan law, a contractual breach is just a breach. *Kewin v. Mass. Mut. Life Ins. Co.* 409 Mich. 401, 295 N.W.2d 50 (1980); *Hart v. Ludwig*, 347 Mich. 559, 565, 79 N.W.2d (1956); *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 401-402, 729 N.W.2d 277 (2006); *Burnside v. State Farm Fire & Cas. Co.*, 208 Mich. App. 442, 432-433, 528 N.W.2d 749 (1995); *Runions v. Auto-Owners Ins. Co.,* 197 Mich. App. 105, 495 N.W.2d 166 (1992); *Isagholian v. Transamerica Ins. Corp.,* 208 Mich. App. 9, 527 N.W.2d 13 (1994); see also *Cromer v. Safeco Ins. Co. of Amer.*, No. 2:09-cv-13716, 2010 WL 1494469 at *3-4 (E.D. Mich. April 14, 2010) (insured's claim for bad faith handling of insurance claim failed to state claim upon which relief could be granted since there is no action under Michigan law or UTPA for alleged adjustment or nonpayment of claim in bad faith); *accord Westfield Ins. Co. v. Yazan Service Plaza, Inc*., No. 11-cv-13797, 2012 WL 13013074 at *2 (E.D. Mich. Aug. 22, 2012) (Michigan law does not recognize bad-faith handling of an insurance claim as an independent tort that is separate from an accompanying action for breach of contract; conclusory allegations alleging adjustment and claim decision conducted in bad faith

dismissed for failure to legally cognizable state cause of action).

(*Id*. at 10-11).  Defendant also asserts that "purported bad faith conduct is immaterial to application of the MUTPA for first-party claims and claimants."  (*Id*. at 11).

In response to the motion, Plaintiff agrees that "bad faith" is not an element of Plaintiff's claim for 12% interest under Mich. Comp. Laws § 500.2006.  (Pl.'s Br. at 12).  And Plaintiff fails to address the case law cited in Defendant's motion.

It is important to understand what the Court is being asked to do here.  Defendant asserts that "the *bad faith allegations* in Plaintiffs' Complaint *fail to state a claim* recognized in Michigan *should be dismissed*."  (Def.'s Reply Br. at 4) (emphasis added). Allegations in a complaint can be stricken, but Defendant has not filed a motion asking this Court to strike the allegations.  Allegations in a complaint are not "dismissed," claims are dismissed.  Defendant appears to be asking the Court to rule that, under Michigan law, Plaintiffs cannot maintain a claim for bad faith breach of the insurance contract.

This Court agrees that, to the extent that Plaintiff is attempting to assert a claim for bad faith breach of the insurance policy, in either Count I (Declaratory Judgment) or Count III (Breach of Contract), Plaintiff cannot maintain such a claim under Michigan law.  *Kewin, supra; Casey v. Auto Owners Ins. Co.,* 273 Mich. App. 388, 729 N.W.2d 277, 286 (2006); *Gissendanner v. RiverSource Life Ins. Co.*, 2023 WL 4564764 at *5 (6th Cir. July 17, 2023) (citing *Kewin* and explaining that Michigan law does not recognize a claim for "bad faith denial of an insurance claim.").

## II.     Under Michigan Law, Plaintiffs Cannot Recover Punitive/Exemplary Damages For "Humiliation And Outrage" In Relation To Counts III And IV Of Their FAC.

Next, Defendant asserts that "Michigan law does not allow an insured to recover for

8

alleged emotional distress, mental anguish, outrage or humiliation for breach of a commercial insurance policy." (Def.'s Br. at 2). As to this argument, Defendant directs the Court to the words "outrage and humiliation" in Counts III and IV of Plaintiff's FAC. (Def.'s Br. at 12). Defendant notes that claims of outrage or humiliation are related to claims for exemplary or punitive damages and asserts that Plaintiff cannot recover such damages under Michigan law, directing the Court to *Kewin v. Mass. Mut. Life Ins. Co.*, 409 Mich. 401 (1980).

Count III is Plaintiffs' breach of contract claim. That count alleges, in pertinent part, that as a "result of Defendant's breach, Plaintiffs suffered damages in excess of $25,000 which include, but are not limited to," various things such as "the premiums paid to Defendant," *"as well as outrage* [and] *humiliation.*" (FAC at ¶ 62) (emphasis added). Count IV is Plaintiffs' Unjust Enrichment claim and it also includes the language regarding outrage and humiliation. (FAC at ¶ 65).

Defendant understandably perceives those allegations as Plaintiffs seeking exemplary damages and contends that "Plaintiffs' claims for damages beyond the sum alleged owed for contractually compensable loss or damages in Counts III and IV must be dismissed." (Def.'s Br. at 12).

In response to the motion, Plaintiffs do not address Defendant's argument that exemplary or punitive damages cannot be recovered for breach of a commercial insurance contract under Michigan law. Rather, Plaintiffs seek to downplay that their FAC appears to seek such damages and contend there is no basis to "strike the words outrage and humiliation" from the FAC. (Pl.'s Br. at 14). That's not what Defendant is asking. Defendant is asking the Court to rule, as a matter of law, that Plaintiffs cannot recover exemplary damages for breach of a commercial

insurance policy in relation to the breach-of-contract and unjust-enrichment claims.

The Court rules that Plaintiff cannot recover exemplary damages in relation to Counts III and IV.

"Exemplary damages 'compensate [ ] a plaintiff for the humiliation, sense of outrage, and indignity resulting from injuries maliciously, willfully and wantonly inflicted by the defendant.'" *Nowicki-Hockey v. Bank of America, N.A.,* 593 F. App'x. 420, 421 (6th Cir. 2014) (quoting *Kewin v. Mass Mut. Life Ins. Co., supra*). "Accordingly, Michigan law proscribes exemplary damages for contract claims 'absent allegation and proof of tortious conduct independent of the breach.'" *Id.; see also Gissendanner v. RiverSource Life Ins. Co.*, 2023 WL 4564764 at *5 (6th Cir. 2023) ("Under Michigan law," and based on *Kewin*, "punitive damages are not available for breach of contract in the absence of tortious conduct independent of the breach.")

No such allegations appear in Plaintiffs' FAC. Thus, the Court rules that Plaintiffs cannot recover punitive or exemplary damages for either Count III or Count IV (the only counts that appear to seek them). *Kewin, supra; Nowicki-Hockey*, 593 F. App'x at 421; *Gissendanner, supra*, at * 5 (Noting the plaintiff's complaint "makes clear that she is seeking punitive damages for the breach of the contract itself, something that Michigan law does not allow.").

## III.   The Court Shall Allow Plaintiffs To Proceed With Their Alternative Unjust Enrichment Claim At This Pleading Stage Of The Case.

"The courts of Michigan will imply a contract when a plaintiff can establish that no express contract concerning the subject matter exists and that the defendant has received a benefit from the plaintiff and retained it, resulting in an inequity." *Solo v. United Parcel Service Co.*, 819 F.3d 788, 796 (6th Cir. 2016) (citations omitted). "Rule 8(a)(3) permits pleadings in the alternative 'when, for instance, there is a dispute between the parties as to whether an express

agreement exists.'" *Id.* (quoting *Bowlers' Alley, Inc. v. Cincinnati Ins. Co.*, 32 F.Supp.3d 824, 833–34 (E.D.Mich. 2014).

Here, Defendant contends that the unjust enrichment claim in the FAC (Count IV) must be dismissed as a matter of law because no contract can be implied where it is undisputed that an express contract exists.

Though somewhat inartfully pleaded, the FAC takes the position that Shree Harihar Corp. ("SHC") was the insured under the insurance policy at issue on the date of the loss.  (*See* FAC at 8-9 alleging that none of Defendant's stated reasons for denial of the Claim, which include that SHC was not the insured on date of loss, are valid).  And it asserts a breach of contract claim, alleging that Defendant breached the contract by denying SHC's claim.

Plaintiffs then plead an unjust enrichment claim *in the alternative*, as "Count IV – Unjust Enrichment (Alternative Count To Breach Of Contract)."  (FAC at 16).  In response to the pending motion, Plaintiffs assert that they can pursue an unjust enrichment claim on an alternative basis, given the parties' positions as to who the insured was on the date of the loss:

> In its Motion, Defendant argued that Plaintiffs do not have the right to pursue an Unjust Enrichment claim because Defendant argues that there is an "express contract" and that "alternative pleading is permitted in circumstances only where the existence of an express contract is denied or in doubt." Defendant's argument is disingenuous -- as Defendant's defense is that at the time of the loss there was no contract between Plaintiff Shree Harihar Corp. and Defendant – even though it is undisputed that Shree Harihar Corp. paid for insurance coverage. Rather, Defendant argues that the contracting party was retroactively changed to Leo Capital BW, LLC who Defendant claims did not have an insurable interest at the time of the loss. Under these circumstances Plaintiff Shree Harihar certainly has the right to make the alternative claim for Unjust Enrichment as Shree Harihar has pled all of the elements necessary to succeed on an unjust enrichment claim as set forth in *Belle Isle Grill v. Detroit* , 256 Mich. App. 463, 478; 666 N.W. 2d 271 (2003), the case relied on by Defendant.

> While Plaintiffs believe that there was an express contract that was
> in force at the time of the loss, to the extent that Defendant argues that
> there was no express contract between Shree Harihar and Defendant at
> the time of the loss, Shree Harihar has the right to pursue a remedy based
> on Unjust Enrichment.

(Pls.' Br. at 17-18; *see also* Pls.' Br. at 23, "Plaintiffs have the right to proceed on the Unjust Enrichment claim (pled in the alternative) as Defendant has claimed that, at the time of the loss, there was no express contract in force between Shree Harihar and Defendant.").

The Court agrees with Plaintiffs that, under the factual circumstances that are alleged here, Plaintiff SHC is not precluded from pleading an unjust enrichment claim in the alternative to the breach of contract claim. The Court will not dismiss this claim at the pleadings stage of the litigation.

## IV.  The Court Will Not Address The Challenge To Attorney Fees At The Pleadings Stage Of This Case.

Defendant correctly notes that Plaintiffs' FAC asks for attorney fees in relation to Counts I, III, and IV. Defendant contends that Plaintiffs are "precluded under long-standing Michigan law, which applies the American Rule, from recovering attorney fees in this action." (Def.'s Br. at 2). Defendant states that "[u]nder Michigan law, one is not entitled to attorney fees unless they are authorized by statute, court rule or common law rule." (Def.'s Br. at 17). Defendant asserts that "the allegations and prayers" in Plaintiffs' FAC "seeking an award of attorney fees must be dismissed." (Def.'s Br. at 18).

While the above statements about recovery of attorney fees are true, and Plaintiffs likely cannot recover attorney fees in this action as to any of their claims,[1] the Court will not entertain

---

[1] *See, eg., Gissendanner v. RiverSource Life Ins. Co.*, 2023 WL 4564764 at *5 (6th Cir. July 17, 2023) "Michigan courts have rejected claims that even bad faith permits an award of

this challenge at this pleadings stage of the litigation.  That is because parties routinely include

requests for attorneys fees in their prayers for relief – regardless of whether there is a currently

known and legally-permissible basis for the request.[2]

**CONCLUSION & ORDER**

Accordingly, the Court GRANTS IN PART, AND DENIES IN PART, Defendant's

Motion for Partial Dismissal.  The Court GRANTS the motion in that it RULES that: 1) to the

extent that Plaintiffs are attempting to assert a claim for bad faith breach of the insurance policy,

in either Count I (Declaratory Judgment) or Count III (Breach of Contract), they cannot maintain

such a claim under Michigan law; and 2) under Michigan law, Plaintiffs cannot recover

punitive/exemplary damages for "humiliation and outrage" in relation to their breach of contract

and unjust enrichment claims.  The Court DENIES the motion in all other respects.


IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 16, 2024

_____

attorney fees in insurance cases.  *See Burnside v. State Farm Fire & Cas. Co.*, 528 N.W.2d 749,
753 (Mich. Ct. App. 1995); *Isagholian v. Transam Ins. Corp.*, 527 N.W.2d 13, 18 (Mich. Ct.
App. 1994).")

[2]For example, Defendant (the party raising this issue) included requests that it be
awarded "costs and attorney's fees" in response to each and every claim asserted by Plaintiffs in
the Answer and Affirmative Defenses it filed in this case.  (*See* ECF No. 12 at PageID.772, 775,
776, & 777) ("WHEREFORE, the relief requested should be denied and judgment in favor of
Defendant granted, together with costs and attorney's fees.").

13